UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 APR 16 P 2: 53
U.S. DISTRICT COURT

ANTHONY OKOLOJI,            :
                            :
           v.               :   CIVIL NO. 3:01cv1421(AHN)
                            :
STATE OF CONNECTICUT,       :
DEPARTMENT OF SOCIAL SERVICES :

RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Anthony Okoloji ("Okoloji") brings this Title VII action against the Connecticut Department of Social Services ("Social Services"), alleging discrimination based on race, color, gender and national origin. Okoloji claims that he was discriminated against when he was involuntarily transferred from his position in Social Services' Hartford branch to its Bristol branch for approximately one year, from November 16, 1999, to November 24, 2000.

Pending before the court is Social Services' Motion for Summary Judgment [doc. #26]. Social Services alleges that Okoloji's failure to file a timely complaint with EEOC effectively bars this action. For the following reasons, the motion is GRANTED.

BACKGROUND

Based on the record submitted by the parties, the court finds that the following facts are undisputed:

On or about September 11, 1998, Okoloji, a black male, commenced employment with Social Services as a Connecticut Careers Trainee. Approximately one year later, he was promoted to the position of Eligibility Services Worker. On or about November 16, 1999, one of Okoloji's coworkers, a white female, filed a sexual harassment complaint against him.[1] Pending investigation of this complaint, Okoloji was involuntarily transferred from Social Services' Hartford branch to its Bristol branch. On or about January 3, 2000, Social Services notified Okoloji that the sexual harassment complaint had been dismissed for lack of evidence. At this time, however, Okoloji was not reassigned to the Hartford branch.

Pursuant to the terms of his collective bargaining agreement, Okoloji filed a grievance regarding the involuntary transfer on or about January 27, 2000. The grievance was denied at the Step II level on or about February 7, 2000. It was subsequently denied at the Step III level on or about April 11, 2000. Okoloji filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment

---

[1] Simultaneously, this coworker filed a complaint with the police concerning Okoloji's off-duty conduct.

Opportunity Commission ("EEOC") on or about November 7, 2000. Okoloji alleged that he was discriminated against when Social Services involuntarily transferred him to its Bristol office and did not reassign him to the Hartford office when the sexual harassment complaint against him was dismissed.

After Okoloji filed his complaint with the CHRO, Social Services promptly reassigned him to the Hartford office.

The EEOC issued Okoloji a notice of right to sue on or about May 17, 2001. Okoloji instituted this lawsuit on or about July 27, 2001.

## STANDARD

A motion for summary judgment may not be granted unless the court determines that there exists no issue of material fact to be tried and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The burden of showing that no genuine factual dispute exists rests on the party seeking summary judgment. See Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); Cronin v. Aetna Life Ins. Co., 46 F.3d 196, 202 (2d Cir. 1995). After discovery, if the party against whom summary judgment is

sought "has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof," then summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

The substantive law governing a particular case identifies those facts that are material with respect to a motion for summary judgment. See Anderson, 477 U.S. at 254. A court may grant summary judgment "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact....'" Miner v. City of Glens Falls, 999 F.2d 655, 661 (2d Cir. 1993) (citation omitted); see also United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Aldrich v. Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir. 1992) (quoting Anderson, 477 U.S. at 248).

In considering a Rule 56 motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried,

while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248; Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985)). Thus, "[o]nly when reasonable minds could not differ as to the import of the evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991) (citing Anderson, 477 U.S. at 248).

## DISCUSSION

Based on the evidence contained in the summary judgment record, the court finds that Okoloji did not timely file his complaint with the EEOC, and thus is prohibited from pursuing an action in this court.

### I. Time Period For Filing An EEOC Complaint

Under Title VII, a charge "shall" be filed with the EEOC within 180 days after the alleged discrimination took place, or 300 days if the state in which the alleged discrimination occurred has an agency with the authority to grant relief. See 42 U.S.C. § 2000e-5(e)(1). CHRO is such a state agency; thus, Okoloji is entitled to the 300-day filing period.

II. <u>Calculation of Filing Period</u>

The filing period described above begins on the date the alleged discrimination took place. <u>See</u> 42 U.S.C. § 2000e-5(e)(1); <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 109-10 (2002). Okoloji alleges that this date is February 7, 2000, the date his union grievance was denied at the Step II level, and that his EEOC complaint, filed on November 7, 2000, was within the 300-day period. Okoloji's argument fails for two reasons.

First, Okoloji's right to file a grievance was contractual. It arose from the terms of his collective bargaining agreement. The contractual rights created under a collective bargaining agreement and the rights created by Title VII "have legally independent origins and are equally available to the aggrieved employee." <u>Alexander v. Gardner-Denver Co.</u>, 415 U.S. 36, 52 (1974). Utilization of such grievance procedures does not affect the period in which an employee must file a claim with the EEOC. <u>See</u> <u>International Union of Elec. Workers v. Robbins & Myers</u>, 429 U.S. 229, 236 (1976). Therefore, the disposition of Okoloji's grievance is not an occurrence for the purpose of determining if the EEOC complaint was timely filed within the 300-day period.

Second, if, as Okoloji claims, the alleged discriminatory action occurred when he became aware that his involuntary transfer was no longer related to the internal sexual harassment investigation, then the relevant date was January 3, 2000, the date Social Services notified him that the sexual harassment complaint had been dismissed.  At that time, Okoloji was aware that he would remain involuntarily in the Bristol office even though the initial reason for his involuntary transfer was no longer valid.  Under this theory, the date of the occurrence for determining the 300-day filing period is January 3, 2000.  Because Okoloji did not file his EEOC complaint until November 7, 2000, his EEOC complaint was still filed more than 300 days after the occurrence.

III. Effect of Untimely Filing of EEOC Complaint

In order to bring a Title VII action in district court, a timely charge of discrimination shall be filed with the EEOC.  See 42 U.S.C. §§ 2000e-5(e)(1) (emphasis added); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798 (1973).  This use of the word, "shall," indicates mandatory filing.  See National R.R. Passenger Corp., 536 U.S. at 109.

Although the 300-day filing period is akin to a statute of limitations and is thus subject to equitable principles such as waiver, estoppel and equitable tolling, see <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982), in this case Okoloji does not allege that any such equitable principles extend his filing period.

Thus, because Okoloji did not file his complaint with the EEOC within 300 days of the occurrence of the alleged discriminatory act, and because he does not allege any equitable reason to extend the time limit, his Title VII claim in this court is barred.

<u>CONCLUSION</u>

For the foregoing reasons, Defendant's Motion for Summary Judgment [doc. #26] is GRANTED.  The Clerk is instructed to enter judgment in favor of defendant and to close this case.

SO ORDERED this 15 day of April, 2004, at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge